**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| J & J Sports Productions, Inc., ) | No. CV-10-1567-GMS-PHX |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| Araik Khachatrian, individually and ) | |
| d/b/a 27th Avenue Bar & Grill; Arik ) | |
| Company, LLC, an unknown business ) | |
| entity d/b/a 27th Avenue Bar & Grill, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Pending before the Court is a Motion to Strike Defendants' Affirmative Defense, (Doc. 22), filed by Plaintiff J & J Sports Productions, Inc. For the following reasons, the Court denies the Motion.

## BACKGROUND

Plaintiff filed a Complaint alleging that on July 26, 2008, Defendants unlawfully transmitted "*The Battle*": *Miguel Cotto v. Antonio Margarito, WBA Welterweight Championship Fight Program* ("Program"), (Doc. 1, ¶ 9), at 27th Avenue Bar & Grill in Phoenix, Arizona. (*Id.* at ¶ 6). As such, Plaintiff asserts that Defendants violated 47 U.S.C. §§ 605, 553, (Doc. 1, ¶ 1), and a common law prohibition against tortious conversion. (*Id.* at ¶ 23).

Defendants filed an Answer, which posited one affirmative defense: "The damages alleged by the Plaintiff were not caused by the defendants. These allegations made by the

plaintiff carry no merit and are non-existent." (Doc. 18). Plaintiff then filed a Motion to Strike Defendants' Affirmative Defense. (Doc. 22).

## DISCUSSION

Federal Rule of Civil Procedure 12(f) provides that the "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED.R.CIV.P. 12(f). "Motions to strike are generally regarded with disfavor, but are proper when a defense is insufficient as a matter of law." *Torres v. Goddard*, 2007 WL 4287812, at *3–4 (D. Ariz. Dec. 3, 2007). Courts must view the challenged affirmative defense in a "light more favorable to the pleader." *First Horizon Home Loan Corp. v. Phillips*, 2008 WL 906698, at *4 (D. Ariz. Mar. 31, 2008) (citations omitted). This is especially so for *pro se* pleadings, "which [courts] hold to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nonetheless, each defense must be pled in such a way that the opposing party has fair notice of the defense. *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1023 (9th Cir. 2010); *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir.1979).

The standard for pleading affirmative defenses comes from Federal Rule of Civil Procedure 8(c)(1), which states: "[i]n responding to a pleading, a party must affirmatively state any avoidance or affirmative defense."[1] FED.R.CIV.P. 8(c)(1). In light of our obligation to construe *pro se* pleadings liberally, the Court finds that Defendants have satisfied the 8(c)(1) standard for pleading affirmative defenses. The Court construes Defendants' affirmative defense that Plaintiff's allegations "carry no merit and are non-existent" as akin

---

[1] Plaintiff's argument that the Court should apply the *Twombly* standard to Defendants' affirmative defense is misplaced. In *Ameristar Fence Products, Inc. v. Phoenix Fence Co.*, this Court explicitly stated that the *Twombly* standard does not apply to affirmative defenses but rather only applies to Rule 8(a). 2010 WL 2803907, at *1 (D. Ariz. July 15, 2010). Moreover, the language in Rule 8(a) requiring a "short and plain statement of the claim showing the pleader is entitled to relief" is not found in Rule 8(c)(1). FED.R.CIV.P. 8(a)(2); *Ameristar*, 2010 WL 2803907, at *1. The Court additionally stated that it "will leave any extension of *Twombly* to the Supreme Court or this Circuit." *Ameristar*, 2010 WL 2803907, at *1.

to pleading failure to state a claim upon which relief can be granted. Accordingly, the Court interprets Defendants' affirmative defense as a Rule 12(b)(6) defense, of which Plaintiff has fair notice, and will not strike it.

Plaintiff also seeks sanctions pursuant to 28 U.S.C. § 1927. Sanctions under § 1927 must be supported by a finding of subjective bad faith, which "is present when an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent." *In re Keegan Mgmt. Co., Sec. Litig.*, 78 F.3d 431, 436 (9th Cir. 1996). The Court finds no subjective bad faith on the part of Defendants here, and sanctions are not warranted under the circumstances.

## CONCLUSION

Because the Court is obligated to construe *pro se* pleadings in a liberal fashion, Defendants' affirmative defense is interpreted as Rule 12(b)(6) defense. Thus, Plaintiff's Motion to Strike is denied.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Strike Defendants' Affirmative Defense, (Doc. 22), is **DENIED**.

Dated this 23rd day of February, 2011.

*A. Murray Snow*
G. Murray Snow
United States District Judge